**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**ROGER CARL MOLINE, Ex Parte,**

     **Petitioner,**

                                                **Case No. 4:06cv234-RH/WCS**

_____/

## REPORT AND RECOMMENDATION TO DISMISS RULE 60(b) MOTION

Petitioner initiated this case by filing a pro se "motion for relief from adverse proceeding and the prospective application of a judgment heretofore set aside."  Doc. 1 (comprised of the motion, doc. 1-1, and exhibits, doc. 1-2) (hereafter references to exhibits will be to doc. 1-2).  Petitioner did not pay a filing fee or submit an application to proceed in forma pauperis.  He is not required to do so at this time, however, as it plainly appears his motion should be summarily dismissed.

Petitioner asks this court to relieve him of an adverse ruling of the Florida Supreme Court, which (he argues) is based on a 1996 judgment which was voided in

2003.  Doc. 1-1, p. 1.[1]  He claims this court has authority to grant relief pursuant to Fed.R.Civ.P. 60(b)(5).

Petitioner's reliance on the Federal Rules of Civil Procedure is unavailing, however, as the rules are "unambiguously" limited to suits of a civil nature filed in the federal district courts.  Fed.R.Civ.P. 1 ("[t]hese rules govern the procedure in the United States district courts in all suits of a civil nature....");  United States v. Fair, 326 F.3d 1317, 1318 (11th Cir. 2003);  United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998).  For that reason, Rule 60 does not provide a remedy even where the criminal judgment at issue was entered by a federal court.  326 F.3d at 1318; 138 F.3d at 1366.  See also  Gonzalez v. Crosby, 545 U.S. __, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005) (explaining the difference between a true Rule 60(b) motion challenging a civil judgment entered in a 28 U.S.C. § 2254 civil proceeding, and an unauthorized second or successive § 2254 habeas corpus petition).[2]

---

[1] Petitioner claims the judgment was voided, but he was apparently resentenced only on count one, thus leaving the rest of the judgment intact.  See Exs. A (p. 3), B (pp. 1-2), and D (electronic docket page numbers 8, 16-17, and 31, respectively, of doc. 1-2).

[2] A Rule 60(b) motion containing one or more "claims" for relief, i.e., "an asserted federal basis for relief from a . . . judgment of conviction," is essentially a successive § 2254 petition.  125 S.Ct. at 2647 (citations omitted).  By contrast, a true Rule 60(b) motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," and should not be treated as a successive filing.  125 S.Ct. at 2648 (footnote omitted).  Compare Pitchess v. Davis, 421 U.S. 482, 487-490, 95 S.Ct. 1748, 1752-53, 44 L.Ed.2d 317 (1975) (claim arising after conditional grant of § 2254 petition, based on routine destruction of evidence sometime between the finality of conviction and issuance of writ, was not exhausted in state court and could not be raised by Rule 60(b) motion for relief from the judgment which granted conditional – rather than absolute – relief; "[s]ince the exhaustion requirement is statutorily codified, even if Rule 60(b) could be read to apply to this situation it could not alter the statutory command.").

Moreover, Petitioner's "sole federal remedy" in a challenge to the fact or duration of his confinement is by petition for writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 1841, 36 L.Ed.2d 439 (1973); Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003), cert. denied, 541 U.S. 1032 (2004) (explaining that all habeas petitions are governed by 28 U.S.C. § 2241, but if a prisoner is in custody pursuant to a state court judgment, the petition is subject to the additional restrictions of § 2254).

Petitioner may respond that, rather than challenging the fact or duration of his confinement, he seeks relief only from the ruling of the Florida Supreme Court. Absent the stay entered by that court, his case would have been remanded for resentencing. Ex. B and Ex. C (composite).[3] "It is well settled that a federal district court lacks jurisdiction to review, reverse, or invalidate a final state court decision," as this authority is reserved to the United States Supreme Court. Jones v. Crosby, 137 F.3d 1279, 1280 (11th Cir.), cert. denied, 523 U.S. 1041 (1998), citing District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983) and Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923) (other citation

---

[3] Petitioner was granted relief by the appellate court, which reversed the trial court's summary denial of Petitioner's Fla.R.Crim.P. 3.850 motion and remanded for resentencing consistent with Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Ex. B; Moline v. State, __ So.2d __, 2006 WL 504028 (Fla. 1st DCA March 3, 2006). The discretionary jurisdiction of the Florida Supreme Court was invoked, and on April 6, 2006, the Supreme Court stayed the proceedings pending disposition of Galindez v. State, SC05-1341. Ex. C (composite). The court in Petitioner's case certified conflict with other cases finding that Blakely and Apprendi do not apply in resentencing proceedings. 2006 WL 504028 at * 1, citing Galindez v. State, 910 So.2d 284 (Fla. 3d DCA 2005) (other citations omitted).

omitted).  Habeas corpus jurisdiction is the exception to this rule.  <u>Sumner v. Mata</u>, 449

U.S. 539, 543-44, 101 S.Ct. 764, 767, 66 L.Ed.2d 722 (1981) ("even a single federal

judge may overturn the judgment of the highest court of a State" by granting a § 2254

petition).

Further, the Anti-Injunction Act provides that a federal court "may not grant an

injunction to stay proceedings in state court except as expressly authorized by Act of

Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its

judgments."  28 U.S.C. § 2283; <u>Younger v. Harris</u>, 401 U.S. 37, 43, 91 S.Ct. 746, 750,

27 L.Ed.2d 669 (1971) (noting that, from 1793 when injunctions in state proceedings

were flatly prohibited to the current version of § 2283, only three exceptions had been

created); <u>Mitchum v. Foster</u>, 407 U.S. 225, 231-236, 92 S.Ct. 2151, 2156-59, 32

L.Ed.2d 705 (1972) (also discussing the statutory history).[4]  Section 2283 "imposes an

absolute ban upon the issuance of a federal injunction against a pending state court

proceeding," unless it falls within one of the three exceptions.  <u>Mitchum</u>, 407 U.S. at

228, 92 S.Ct. at 2155.

Civil rights actions under 42 U.S.C. § 1983 fall within the "expressly authorized

by Act of Congress," exception.  <u>Mitchum</u>, 407 U.S. at 242-243, 92 S.Ct. at 2162

(citations omitted).  Habeas cases also fall within this exception.  28 U.S.C. § 2251

(emphasis added); *see also* <u>McFarland v. Scott</u>, 512 U.S. 849, 857-859, 114 S.Ct.

2568, 2573-74, 129 L.Ed.2d 666 (1994) (discussing § 2251 in context of stay of

---

[4] The version of § 2283 as discussed in those cases is identical to present § 2283 (2006); the statute was most recently amended in 1948.  Section 2251, referenced ahead, has also remained unchanged since 1948.

execution);[5] Schillaci v. Peyton, 328 F.Supp.2d 1103, 1104 (D. Haw. 2004) (§ 2283 did

not preclude consideration of stay of retrial in alleged violation of double jeopardy, as §

2251 authorizes stay of proceedings in habeas cases).  Petitioner has not filed a § 2254

petition or a § 1983 action, however.[6]

But even for those cases not absolutely barred under § 2283, there is a "national

policy forbidding federal courts to stay or enjoin pending state proceedings except under

special circumstances."  Younger, 401 U.S. at 41, 91 S.Ct. at 749 (footnote omitted);

Mitchum, 407 U.S. at 230-231, 92 S.Ct. at 2155-56 (explaining that while in Younger

"the Court carefully eschewed any reliance on" § 2283,[7] instead relying on "Our

---

[5] For a stay of execution under § 2251, the court considers: "'[W]hether the movant has made a showing of likelihood of success on the merits and of irreparable injury if the stay is not granted, whether the stay would substantially harm other parties, and whether granting the stay would serve the public interest.'"  In re Holladay, 331 F.3d 1169, 1176 -77 (11th Cir. 2003), quoting Bundy v. Wainwright, 808 F.2d 1410, 1421 (11th Cir.1987).  See also Hill v. McDonough, __ U.S. __, 126 S.Ct. 2096, 2104, 165 L.Ed.2d 44 (2006) (noting, in § 1983 suit challenging method of execution, that a stay "is not available as a matter of right, and equity must be sensitive to the State's strong interest in enforcing its criminal judgments without undue interference from the federal courts.  Thus, like other stay applicants, inmates seeking time to challenge the manner in which the State plans to execute them must satisfy all of the requirements for a stay, including a showing of a significant possibility of success on the merits.") (citations omitted).

[6] This Petitioner's sole federal remedy under Preiser (as discussed above) is a petition for writ of habeas corpus.  "Despite its literal applicability" in some cases, "§ 1983 must yield to the more specific federal habeas statute, with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence."  Nelson v. Campbell, 541 U.S. 637, 643, 124 S.Ct. 2117, 2122, 158 L.Ed.2d 924 (2004) (citing Preiser).

[7] Because the holding in Younger was based on the absence of necessary equitable factors, the Court did not consider whether § 2283 "would in and of itself be controlling under the circumstances of this case."  Id., at 54, 91 S.Ct. at 755.

Federalism," <u>Younger</u> was a § 1983 case and the policy discussion would have been completely unnecessary if § 2283 had been an absolute bar to an injunction); <u>Schillaci</u>, 328 F.Supp.2d at 1105 (after finding claim not barred by § 2283, court must also consider <u>Younger</u> abstention doctrine).

As explained in <u>Younger</u>, the possible facial unconstitutionality of a statute "does not in itself justify an injunction against good-faith attempts to enforce it," and there was no showing of "bad faith, harassment, or any other unusual circumstance that would call for equitable relief."  401 U.S. at 54, 91 S.Ct. at 755.  *See also* <u>Justices of Boston Municipal Court v. Lydon</u>, 466 U.S. 294, 332-337, 104 S.Ct. 1805, 1825-28, 80 L.Ed.2d 311 (1984) (J. Stevens, concurring in part and concurring in the judgment) ("[o]ne of the weightiest of state interests is that favoring speedy, efficient, and uninterrupted disposition of criminal cases.  Because of this critical state interest, we have held that federal courts should abstain from exercising their jurisdiction when the effect thereof would be to disrupt ongoing state proceedings.  Similarly, the statutory exhaustion requirement found in the habeas statute, 28 U.S.C. § 2254, reflects a recognition that federal habeas courts should not disrupt ongoing state proceedings. . . . The state process should be permitted to proceed in an uninterrupted fashion before federal habeas review comes into play.") (*citing* <u>Younger</u>, other citations and footnotes omitted).

Relief against the Florida Supreme Court is not authorized by Fed.R.Civ.P. 60(b) or otherwise.  Once Petitioner has exhausted available state court remedies, his remedy in federal court is by petition for writ of habeas corpus pursuant to § 2254.  Because state court proceedings remain pending and a § 2254 petition would be subject to summary dismissal for failure to exhaust available state remedies, the court should not

construe the Rule 60 motion as a § 2254 petition.  *Cf.* Castro v. United States, 540 U.S. 375, 381-383, 124 S.Ct. 786, 791-792, 157 L.Ed.2d 778 (2003) (noting that federal courts sometimes ignore the label assigned to pro se pleadings for various reasons, but when a court recharacterizes a pro se motion as an initial 28 U.S.C. § 2255 motion, the litigant must be warned of the implications and given the opportunity to withdraw or amend the motion).[8]  Exhaustion is particularly appropriate here, as the Florida courts may decide as a matter of *state* law that Petitioner was entitled to the benefit of any cases decided before the 2003 sentence became final on direct review.  2006 WL 504028 *1-*2 (citing Florida cases)[9].

Finally, Petitioner is advised that there is a one year limitations period for filing a § 2254 petition, which generally runs from the date on which the judgment became final. 28 U.S.C. § 2244(d)(1)(A)-(D) (setting forth other possible commencement dates).  The one year period is tolled for the time during which a "properly filed" application for relief is pending in state court.  § 2244(d)(2).

It is therefore respectfully **RECOMMENDED** that the Rule 60(b) motion be **SUMMARILY DISMISSED**, and this case closed.

---

[8] A second or successive § 2254 petition, like a second or successive § 2255 motion, cannot be filed absent authorization by the appropriate court of appeals.  § 2244(b); § 2255.

[9] The Supreme Court has recently granted certiorari on the issue of whether Blakely and United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) apply retroactively on collateral review.  Burton v. Waddington, 142 Fed. Appx. 297 (9th Cir. 2005) (not published in the Federal Reporter), *cert. granted*, 126 S.Ct. 2352, 165 L.Ed.2d 278 (June 5, 2006).  If the state decides that Petitioner was entitled to the benefit of Blakely because his 2003 sentence was not final before the Supreme Court decided Blakely (and Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)), then the retroactivity issue does not affect his case.

**IN CHAMBERS** at Tallahassee, Florida, on August 18, 2006.


s/   William C. Sherrill, Jr.
WILLIAM C. SHERRILL, JR.
UNITED STATES MAGISTRATE JUDGE


<u>NOTICE TO THE PARTIES</u>

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.